UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TYRELL HICKS,**  Petitioner,  v.  **MARK CRANSTON,**  Respondent. | Civil Action No. 20-14548 (FLW)  **MEMORANDUM AND ORDER** |

*Pro se* Petitioner Tyrell Hicks, a pretrial detainee currently confined at Middlesex County Adult Correctional Center, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2241. The Court previously screened and summarily dismissed Petitioner's habeas petition <u>without prejudice</u> for failure to exhaust state court remedies prior to filing his federal habeas petition. *See* ECF No. 7.

Petitioner has filed a notice of appeal to the Third Circuit Court of Appeals and also filed two reconsideration motions with the Court. *See* ECF Nos. 8, 9, 12. In his motions for reconsideration, he asks the Court to vacate it prior Order dismissing his petition without prejudice at screening. *See* ECF Nos. 8, 12. The Court of Appeals has stayed Petitioner's appeal pending the resolution of Petitioner's first reconsideration motion. *See* ECF No. 11.

By way of background, Petitioner is a state pretrial detainee who has been incarcerated since September 16, 2019, on undisclosed charges. Petitioner alleges that his bail was illegally revoked by the state trial court and that he should have been released from custody under New Jersey's Criminal Justice Reform Act, N.J.S.A. 2A:162–15 to -26. *See generally Holland v. Rosen*, 277 F. Supp. 3d 707 (D.N.J. 2017). Petitioner also alleges that his prolonged detention violates

1

his speedy trial rights and that he has been denied due process in his state court criminal proceedings. In his amended petition, *see* ECF No. 4, Petitioner also asserts that he is entitled to release based on the New Jersey Supreme Court's recent decision in *Matter of Request to Release Certain Pretrial Detainees*, 245 N.J. 218 (2021). There, the New Jersey Supreme Court held that "defendants have the right to reopen their detention hearings under N.J.S.A. 2A:162-19(f) if they (1) have been detained for at least six months and (2) can make a preliminary showing that, based on one or more of the [enumerated] factors, they are entitled to relief." *Id.* at 240.

Petitioner's claims are unexhausted. In his initial and amended petitions, Petitioner did not provide any reasons why he could not bring his various challenges to his pretrial detention in state court through his defense counsel. In the motion for reconsideration received by the Court on December 27, 2021, Petitioner now asserts that his public defender, Frank J. Shamy, Esq., has health conditions that prevent him from filing motions on Plaintiff's behalf or representing him at trial, and that Mr. Shamy has not communicated with Plaintiff since January 25, 2021. Plaintiff further alleges that the trial court will not permit Mr. Shamy to withdraw from the representation. Plaintiff has also provided letters from the New Jersey Appellate Division Clerk, which indicate that his pro se motions for leave to appeal will not be filed, absent an Order from the Criminal Division granting Plaintiff permission to proceed pro se, and will be forwarded instead to Mr. Shamy, Plaintiff's counsel of record. In light of these facts, Plaintiff alleges that he is unable to exhaust his state court remedies or obtain relief in state court.

A court deciding a motion for reconsideration may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice." *Max's Seafood Café*, 176 F.3d at 677 (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Similarly, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.* at 528–29. A motion filed under Rule 60(b)(6) must demonstrate "extraordinary circumstances" that would justify "the reopening of a final judgment." *Id. at* 535 (quotation omitted).

In light of Plaintiff's allegations that he is unable to exhaust his state court remedies or obtain relief in state court, the Court will, in the interest of justice, grant Plaintiff's requests for reconsideration and vacate its prior Order dismissing this matter without prejudice. The Court will also consider these allegations in screening his petition and amended petition for dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b).

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46).

The Court makes no determination about whether it has habeas jurisdiction, but declines to dismiss the petition at screening and will direct Respondents to address the jurisdictional issue and file a full and complete answer to Plaintiff's petition and amended petition, with the relevant record, within 45 days. Plaintiff may file a traverse within 30 days of his receipt of Respondents' answer.

**THEREFORE**, it is on this 13th day of January 2022,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN; and it is further

**ORDERED** that the motions for reconsideration, ECF Nos. 8, 12 are GRANTED; and it is further

**ORDERED** that the Court's prior Order dismissing the matter without prejudice for lack of exhaustion is VACATED for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall add Andrew J. Bruck, Acting Attorney General of the State of New Jersey, and First Assistant Prosecutor Christopher L.C. Kuberiet to the docket as Respondents; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the petition and amended petition on the Acting Attorney General Andrew J. Bruck, First Assistant Prosecutor Christopher L.C. Kuberiet, and Warden Mark Cranston; and it is further;

**ORDERED** that the pursuant to the Court's screening authority under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), the Court declines to dismiss this matter at screening; and it is further

**ORDERED** that Respondents shall file a full answer addressing the issue of jurisdiction and the merits of the claims in the Petition and Amended Petition and provide the relevant record; and it is further

**ORDERED** that Respondents shall serve their answer and the record on Petitioner at the address on file; and it is further

**ORDERED** that Petitioner may file a traverse within 30 days of his receipt of Respondents' Answer; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of this Memorandum and Order to the Clerk of the Third Circuit Court of Appeals, Patricia S. Dodszuweit.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge