NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRELL HICKS, | : |
| Petitioner, | : Civ. No. 20-14548 (GC) |
| v. | : |
| MARK CRANSTON, et al., | : OPINION |
| Respondents. | : |

**CASTNER, District Judge**

I.     INTRODUCTION

Petitioner, Tyrell Hicks ("Petitioner" or "Hicks"), is a state pretrial detainee at the Middlesex County Adult Correctional Center ("MCACC") in New Brunswick, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* ECF 2). For the following reasons, Petitioner's habeas petition is denied without prejudice and a certificate of appealability shall not issue.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner asserts several grounds for federal habeas relief in his petition; they are as follows:

1. Petitioner's state pretrial release was revoked based on an untimely notice of motion and never served on Petitioner to allow him to prepare a defense ("Claim I");

2. Petitioner has been detained without bail such that the state judiciary is abusing its discretion to conform to New Jersey's Criminal Justice Reform Act, N.J. Stat. Ann. § 2A:162-15 to 26[1] ("Claim II");

3. The state court lacked personal and subject matter jurisdiction as the grand jury's term had expired ("Claim III"); and

4. The assistant prosecutor was without authorization to seek an indictment against him as there was a fatally defective complaint which lacked a judicial officer's signature determining probable cause to initiate the process ("Claim IV").

(ECF 2 at 6-7).

After initiating this action, Petitioner filed a Motion to Amend his habeas petition. (*See* ECF 4). As noted by this Court, that Motion asserted that Petitioner:

> is entitled to release based on the New Jersey Supreme Court's recent decision in *Matter of Request to Release Certain Pretrial Detainees*, 245 N.J. 218 (2021). There, the New Jersey Supreme Court held that "defendants have the right to reopen their detention hearings under N.J.S.A. 2A:162-19(f) if they (1) have been detained for at least six months and (2) can make a preliminary showing that, based on one or more of the [enumerated] factors, they are entitled to relief." *Id.* at 240.

(ECF 7 at 2). This Court granted Petitioner's Motion to Amend, but, then summarily dismissed the habeas petition due to a lack of exhaustion. (*See id.* at 3-4).

Subsequently, Petitioner filed two Motions for Reconsideration. (*See* ECF 8 & 12). This Court detailed the reasons Petitioner gave for seeking reconsideration as follows:

> Petitioner now asserts that his public defender, Frank J. Shamy, Esq., has health conditions that prevent him from filing motions on Plaintiff's behalf or representing him at trial, and that Mr. Shamy has not communicated with Plaintiff since January 25, 2021.

---

[1] As noted *infra*, Petitioner also asserts in Claim II that he is entitled to federal habeas relief based on the conditions of confinement while detained related to the COVID-19 pandemic. (*See* ECF 2-2 at 2-3).

2

> Plaintiff further alleges that the trial court will not permit Mr. Shamy to withdraw from the representation. Plaintiff has also provided letters from the New Jersey Appellate Division Clerk, which indicate that his pro se motions for leave to appeal will not be filed, absent an Order from the Criminal Division granting Plaintiff permission to proceed pro se, and will be forwarded instead to Mr. Shamy, Plaintiff's counsel of record. In light of these facts, Plaintiff alleges that he is unable to exhaust his state court remedies or obtain relief in state court.

*Hicks v. Cranston*, No. 20-14548, 2022 WL 126215, at *1 (D.N.J. Jan. 13, 2022). Ultimately, this Court granted Petitioner's Motions for Reconsideration and vacated its prior dismissal of this action stating:

> [i]n light of Plaintiff's allegations that he is unable to exhaust his state court remedies or obtain relief in state court, the Court will, in the interest of justice, grant Plaintiff's requests for reconsideration and vacate its prior Order dismissing this matter without prejudice. The Court will also consider these allegations in screening his petition and amended petition for dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b). . . .
>
> The Court makes no determination about whether it has habeas jurisdiction, but declines to dismiss the petition at screening and will direct Respondents to address the jurisdictional issue and file a full and complete answer to Plaintiff's petition and amended petition[.]

*Hicks*, 2022 WL 126215, at *2. Thus, as detailed above, this Court expressly reserved judgment on the exhaustion issue.

Respondents filed a response in opposition to Petitioner's habeas petition. (*See* ECF 20). Respondents argue that Petitioner's habeas petition should be denied because he did not exhaust administrative remedies and/or because he failed to meet his burden of proof. Petitioner then filed a reply brief in support of his habeas petition. (*See* ECF 25).

### III. LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. *See Moore v. De Young*,

3

515 F.2d 437, 441-42 (3d Cir. 1975). "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States." *Duran v. Thomas*, 393 F. Appx. 3, 4 (3d Cir. 2010) (internal quotation marks and citations omitted).

## IV. DISCUSSION

The United States Court of Appeals for the Third Circuit has addressed when a federal court should ever grant a pretrial writ of habeas corpus to a pretrial state detainee as follows:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present [; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore,* 515 F.2d at 443 (internal citations omitted); *see also Johnston v. Artis,* No. 13–6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis,* No. 10–1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010). The Third Circuit has noted that delay, harassment, bad faith, or other intentional activity might constitute an extraordinary circumstance. *See Moore*, 515 F.2d at 447 n.12.

The record supports this Court's previous conclusion that Petitioner has not exhausted his claims to all three levels of the New Jersey State Courts. *See Hicks*, 2022 WL 126215, at *1. The key question presented currently is whether Petitioner's lack of exhaustion should be excused due to extraordinary circumstances. For the following reasons, this Court will not excuse Petitioner's lack of exhaustion as he has not shown extraordinary circumstances.

Petitioner filed a Motion for Leave to Appeal with the New Jersey Superior Court, Appellate Division while in pretrial detention in a letter dated October 16, 2021. However, on October 20, 2021, the Appellate Division responded to Petitioner that it was not filing such documents since Petitioner had filed them *pro se* and Petitioner was represented by an attorney. (*See* ECF 20-1 at 3). Perhaps most importantly, on November 1, 2021, the Appellate Division Clerk again responded to Petitioner stating as follows:

> This acknowledges receipt of your letter dated November 1, 2021, wherein you resubmit motion papers that had been forwarded to your attorney of record on October 02, 2021. In your letter, you state that you have not retained your current attorney of record for appeal purposes and that you have a conflict of interest with your attorney. You therefore request that your motion be filed as a pro se filing.
>
> Because you wish to proceed pro se on an open matter in the Superior Court, Criminal Division, although you are represented by counsel, you must submit an order from the Criminal Division permitting you to proceed pro se on appeal. See State v. Coon, 314 N.J. Super. 426, 439 (App. Div. 1998) (holding "before permitting a defendant to waive his right to appellate counsel there must be an inquiry of defendant in order to be assured that his waiver of the valuable right to counsel is voluntary, knowing and intelligent.").
>
> If your motion to proceed pro se is granted by the Criminal Division, we will file your motion for leave to appeal; however, please note that you will need to make corrections to your motion, as detailed below. If your motion to proceed pro se is denied by the Criminal Division, you may seek leave to appeal that decision.
>
> We encourage you to seek counsel for appeal purposes. To that end, we suggest that you contact the Office of the Public Defender, Appellate Section, 31 Clinton Street, 9th floor, P.O. Box 46003, Newark, New Jersey 07101, phone number (97) 877-1200, to determine if it would provide representation per the Supreme Court's decision in In re Request to Release Certain Pretrial Detainees, 245 N.J. 218 (2021).
>
> Finally, if you are unable to obtain counsel for appeal and obtain an order permitting you to proceed pro se, your motion for leave to appeal is deficient as it is not supported by a brief and appendix. See

> <u>Rule</u> 2:8-1. The notation on the Notice of Motion that a letter brief and appendix will be submitted ten days after receipt of the transcript does not cure this deficiency. If you believe a transcript is essential to the motion for leave to appeal, you may submit an affidavit in lieu of transcript in its place; however, a brief and appendix is required to file the motion.

(ECF 20-1 at 4-5).

The Appellate Division gave Petitioner instructions for how to move forward with his case to proceed *pro se* on appeal; namely by obtaining an order from the Criminal Division permitting Petitioner to proceed *pro se* on appeal. It does not appear that Petitioner pursued his case in the state courts by obtaining such an Order from the Criminal Division, nor, if such a request was made and denied by the Criminal Division, that Petitioner then appealed that Order to the Appellate Division. Instead, Petitioner sought to pursue his case again in this Court by filing the previously described Motions for Reconsideration in late 2021. Petitioner had exhaustion avenues available to him, but did not take them. Thus, Petitioner failed to exhaust and has not shown extraordinary circumstances to excuse this lack of exhaustion.

Nevertheless, Petitioner argues that this Court apply "the law of the case" doctrine referring to this Court's previous January 13, 2022 Memorandum and Order to find that he in fact exhausted his claims. (*See* ECF 25 at 15-16). However, as noted in *supra* Part II, this Court expressly left open the question of whether Petitioner had exhausted his claims in reopening this case and ordering Respondents to file a response to the habeas petition. *See Hicks*, 2022 WL 126215, at *2.

As noted in *supra* note 1, within Claim II of his habeas petition as well as in his reply brief, Plaintiff alludes to the COVID-19 pandemic and his conditions of confinement. (*See* ECF 2-2 at 2-3; ECF 25 at 23-25). This Court interprets such arguments by Petitioner in relying on the COVID-19 pandemic in part to both to excuse his failure to exhaust as well as a stand alone claim under § 2241 that warrants habeas relief.

6

First, to the extent Petitioner is ~~attempting to use~~ *claiming* the COVID-19 pandemic *was* as an extraordinary circumstance to overcome his lack of exhaustion, courts have rejected such arguments. *See Castelucci v. Ortiz*, No. 20-16600, 2021 WL 4473316, at *2 (D.N.J. Sept. 30, 2021) (declining to excuse the failure to exhaust based on COVID-19 pandemic where the failure to exhaust was a choice); *Rodgers v. Smith*, No. 20-9402, 2020 WL 6144708, at *2 (D.N.J. Oct. 20, 2020) (citing *Ashford v. Briggs*, No. 20-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020); *Galloway v. Walton*, No. 20-611, 2020 WL 3977376, at *1 (W.D. Pa. July 14, 2020); *Milbourne v. Smith*, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020)) (dismissing § 2241 pretrial habeas petition because the petitioner failed to exhaust state remedies and COVID-19 related issues are not extraordinary circumstances). These cases are persuasive such that Petitioner's lack of exhaustion of his habeas claims will not be excused based on the COVID-19 pandemic. While Petitioner alludes to being in his cell for twenty-two hours a day, he fails to make a showing how such confinement prevented him from filing the necessary papers to exhaust his claims in the state courts. Indeed, as his letters to the Appellate Division indicate, he had the ability and in fact was clearly able to submit documents to the New Jersey State Courts.

Second, this Court will presume for purposes of this Opinion only that Petitioner, as a pretrial detainee, can bring such conditions of confinement claims in this § 2241 habeas action as a separate cognizable habeas claim seeking release from detention. *See, e.g.*, *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020) (noting that the then pressing COVID-19 pandemic warranted immigration detainees who sought release based on the conditions of confinement through habeas petitions). However, to the extent that Petitioner brings his condition of confinement arguments as a separate claim for habeas relief (as opposed to an excuse for his failure to exhaust), Plaintiff still would need to exhaust this claim. As illustrated above though, Plaintiff

has not exhausted any of his habeas claims. Thus, Petitioner's lack of exhaustion on his conditions of confinement claim also warrants its denial without prejudice. *See Wallace v. United States*, No. 22-662, 2023 WL 4674360, at *6 (M.D. Pa. Apr. 27, 2023) (recommending federal prisoner's habeas claim seeking release in light of risks associated with COVID-19 while incarcerated should be denied due to a lack of exhaustion), *report and recommendation adopted by*, 2023 WL 4672399 (M.D. Pa. July 20, 2023); *Andrews v. Akinbayo*, No. 21-866, 2022 WL 670942, at *2 (D. Del. Mar. 7, 2022) (summarily dismissing habeas petition where Petitioner failed to exhaust state remedies related to his claim that he should be released because of his numerous medical issues made him unusually susceptible to the dangers posed by COVID-19); *Wilkins v. Supt. of SCI Huntingdon*, No. 21-446, 2021 WL 1812685, at *3-4 (M.D. Pa. May 6, 2021) (dismissing habeas petition without prejudice seeking release to home confinement because of the risk posed by COVID-19 because Petitioner failed to exhaust state court remedies).

In sum, Petitioner challenges his pretrial detention in this habeas action. By bringing such an action, Petitioner mostly (aside from his conditions of confinement arguments) is seeking to pre-litigate his state court criminal action. Petitioner has not exhausted his federal habeas claims through all three levels of New Jersey state courts. Furthermore, he has not shown exceptional circumstances to warrant this Court excusing this lack of exhaustion. Accordingly, Petitioner's habeas action will be denied without prejudice.

## V.   CERTIFICATE OF APPEALABILITY

As Petitioner is a state pretrial detainee, he must obtain a certificate of appealability to the extent he seeks to challenge denial of his habeas petition because his detention purportedly "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n.3 (D.N.J. June 3, 2008). In a habeas proceeding, a

certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's decision to deny Petitioner's habeas petition for failure to exhaust or show exceptional circumstances, a certificate of appealability shall not issue.

## VI. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied without prejudice due to Petitioner's failure to exhaust. A certificate of appealability shall not issue. An appropriate Order will be entered.

DATED: October 2nd, 2023

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge